# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-28V

```
* * * * * * * * * * * * * * * * * * * * * * * *    *
                                                    *
                                                    *
GARY W. COBB,                                       *
                                                    *
                    Petitioner,                     *
                                                    *    Special Master Jennifer A. Shah
                                                    *
v.                                                  *
                                                    *
                                                    *    Filed: May 30, 2025
SECRETARY OF HEALTH AND                             *
HUMAN SERVICES,                                     *
                                                    *
                    Respondent.                     *
                                                    *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * *    *
```

*Courtney Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 10, 2022, Gary W. Cobb ("Petitioner" or "Mr. Cobb") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that he suffered from optic neuritis ("ON") as a result of an influenza ("flu") vaccination he received on January 16, 2019. ECF No. 1 ("Pet.") at 1, 4.

Petitioner filed his petition *pro se*, but he retained Mr. Andrew Downing as counsel on February 27, 2023. ECF No. 19. Petitioner has filed two expert reports from Dr. Devin Mackay,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a board-certified neurologist. Exs. 16, 25. Respondent has filed two expert reports each from Drs. Marc Bouffard and Chenthamarakshan Vasu. Exs. A, B, C, D.

Petitioner filed a motion for interim attorneys' fees and costs on December 17, 2024, requesting a total of $49,057.59, comprised of $38,660.00 in attorneys' fees and $10,397.59 in attorneys' costs. ECF No. 54 ("Fees App.") at 17-18. Respondent filed a response on December 18, 2024, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 55 ("Fees Resp.") at 2-3. No reply was filed by Petitioner.

On December 23, 2024, Mr. Christopher Williams filed a motion to substitute as counsel for Petitioner. ECF No. 56. On January 25, 2025, Ms. Courtney Jorgenson filed a motion to substitute as counsel for Petitioner. ECF No. 57.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$48,557.59** in interim attorneys' fees and costs.

## I. LEGAL STANDARD

### A. Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer,* the Federal Circuit declared that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.,* 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera,* 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera,* 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.,* No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.,* No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera,* 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera,* 515 F.3d at 1352; *Shaw,* 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum.*

*Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by the petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996).

### C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in her claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States*, 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id*. at 286. The Court in *Chuisano* found that a petition that relied on temporal proximity and a petitioner's affidavit would not be sufficient to establish reasonable basis. *Id*. at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, at *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that

"the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. DISCUSSION

### A. An Interim Award Is Appropriate

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim; nor does he dispute that Petitioner would suffer an undue hardship were interim fees denied. He leaves the determination of whether to award interim attorneys' fees and costs, as well as any amount awarded, to my discretion. *See generally* Fees Resp.

The undue hardship inquiry considers the financial involvement of both Petitioner and her counsel. *Kirk*, 2013 WL 775396, at *2. This case has been in litigation for over three years, and Petitioner has incurred nearly $50,000.00 in attorneys' fees and costs. In light of the time already spent on this case, I find that the Petitioner would suffer undue hardship if an award of interim attorneys' fees and costs were denied.

I find that the petition was filed in good faith. With respect to reasonable basis, as discussed above, the threshold is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. In making a reasonable basis determination, I must look at the totality of the circumstances, considering the factual basis for the claim and the medical and scientific support offered. Petitioner here has filed extensive medical records and filed two expert reports from Devin Mackay, M.D., who is board certified in neurology. *See* Exs. 16, 25. Dr. Mackay opined that Petitioner's optic neuritis was caused by his January 16, 2019 flu vaccine. Ex. 16 at 7. Dr. Mackay further opined that he believed molecular mimicry was a commonly proposed mechanism, and he also offered a mechanism that "involves the bypassing of control mechanisms of self-tolerance by introduction [of an] infectious agent/antigenic material to the patient's body." *Id*. Dr. Mackay cited medical literature to support both theories. *Id*. at 7-8. Based on these filings, I find that Petitioner had a reasonable basis to file the claim and has continued to maintain a reasonable basis for it.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs as described below.

### B. Attorneys' Fees

Petitioner requests a total of $38,660.00 in attorneys' fees. Fees App. at 17.

1.  Reasonable Hourly Rate

Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stetson*, 465 U.S. 886, 896 n.11 (1984)). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued Fee Schedules based on it.[3]

Petitioner requests compensation for his former attorney, Mr. Andrew Downing, at the following hourly rates: $445.00 per hour for work performed in 2023; $485.00 per hour for work performed in 2024. Fees App. at 21. Petitioner also requests compensation for two other attorneys: (1) Ms. Ann Allison: $415.00 per hour for work performed in 2023, $435.00 per hour for work performed in 2024; and (2) Ms. Courtney Jorgenson: $345.00 per hour for work performed in 2023, $375.00 per hour for work performed in 2024. *Id.* Petitioner requests paralegal hourly rates between $155.00-$175.00 for 2023-24. *Id.* These rates are consistent with what the Downing, Allison & Jorgenson law firm attorneys and paralegals have been previously awarded. *See, e.g.*, *Husain v. Sec'y of Health & Hum. Servs.*, No. 22-1218V, 2025 WL 1409870, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2025); *Zollman v. Sec'y of Health & Hum. Servs.*, No. 22-802V, 2025 WL 512615, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2025). I see no reason to disturb the requested rates.

2.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, the special master may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, No. 99-573V, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). He or she may instead make a global reduction to the total amount of fees requested.

---

[3] The 2015-2025 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

*See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

### a. Administrative and Clerical Tasks

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable. However, multiple entries in the submitted billing records are for clerical or administrative tasks. These tasks were performed by two paralegals and included efforts to prepare and file exhibits. *See generally* Fees App., Ex. A. These entries total approximately 5 hours. Because these tasks were performed by various paralegals, over two years, and with different hourly rates, I will apply a flat $500.00 deduction from the requested attorneys' fees for these charges.

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$38,160.00**.

### C. Reasonable Costs

Petitioner requests a total of $10,397.59 for attorneys' costs, consisting of $16.50 for medical record requests; $46.09 for mailing costs; $9,930.00 for Dr. Devin Mackay's expert reports; and $405.00 for the Court's filing fee paid by Petitioner. Fees App., Ex. A at 16.

Petitioner provided documentation of the medical record requests, mailing costs, and the Court's filing fee. *See generally* Fees App., Ex. A. I award them in full. I discuss Petitioner's expert costs below.

### 1. Petitioner's Expert Costs for Devin Mackay, M.D.

Petitioner requests $9,930.00 for Dr. Mackay's expert reports. Dr. Mackay billed 19.86 hours at an hourly rate of $500.00 for review of Petitioner's medical records and the formulation of his first report (Ex. 39). Fees App., Ex. A at 22, 25.

Dr. Mackay has not been awarded an expert rate. I find Dr. Mackay's requested hourly rate

and the number of hours of work completed to be reasonable.[4]  I will therefore award his expert costs in full.

I award Petitioner a total of **$10,397.59** in attorneys' costs.

## III.    <u>CONCLUSION</u>

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim attorneys' fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$48,557.59**, representing reimbursement of Petitioner's interim attorneys' fees and costs, totaling **$48,152.59**, and reimbursement of Petitioner's out of pocket expenses, totaling **$405.00**, to be paid through an ACH deposit to Petitioner's former counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u>
Jennifer A. Shah
Special Master

---

[4] I decline to set Dr. Mackay's expert rate at this time.  I am merely determining that the overall hours and amount requested in this motion are reasonable.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.